IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALBERT GARZA, :
:
    Petitioner :
:
  v. : CIVIL NO. 3:CV-15-2482
:
WARDEN L. J. ODDO, : (Judge Conaboy)
:
    Respondent :
_____

# MEMORANDUM
## Background

Albert Garza, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service of the petition was previously ordered.

Petitioner initially states that his mandatory release date was May 2, 2013 and he has completed service of his life sentence and 15 year consecutive sentence. See Doc. 1, ¶ 5. Garza also claims entitlement to federal habeas corpus relief on the grounds that an October 9, 2015 decision of the United States Parole Commission (Parole Commission) improperly denied his request for parole and constituted an ex post facto and due process violation.

Petitioner was convicted in the United States District

1

Court for the Western District of Texas on charges of robbery, kidnaping, and murder.[1] He is presently serving a life sentence which was imposed on July 19, 1973. Garza's conviction and life sentence were affirmed in 1974 following a direct appeal to the United States Court of Appeals for the Fifth Circuit. See Garza v. United States, 498 F.2d 1066 (5th Cir. 1974).[2]

Petitioner was subsequently convicted in the United States District Court for the Southern District of Illinois of escape and sentenced to a consecutive fifteen (15) year term of imprisonment. This conviction stemmed from Petitioner's escape from the United States Penitentiary, Marion, Illinois (USP-Marion) in 1979. Garza was recaptured after a shootout with police.

Pursuant to 18 U.S.C. § 4206(d), a prisoner is eligible for mandatory parole after completing two thirds of each consecutive term or terms or after serving 30 years of each consecutive term. The Bureau of Prisons (BOP) calculated the two-thirds date of Petitioner's sentence as being May 2, 2013. The BOP concluded that Garza needed to serve 40 years, two thirds of his life sentence (30 years) plus two thirds of his escape sentence

---

[1] Petitioner committed a bank robbery during which he killed a bank patron.

[2] However, the Court of Appeals vacated an additional consecutive twenty-five (25) year sentence.

2

(10 years). Petitioner has been considered for, but denied parole on multiple dates with recommendations that he remain confined until the expiration of his sentence.

On May 15, 2013, Petitioner was provided with an in person hearing as to the issue of whether he was entitled to release on mandatory parole. The Hearing Examiner recommended that Petitioner be granted mandatory parole as of August 2, 2013 to serve a consecutive 25 year sentence imposed by the State of Illinois.[3]

However, an Executive Reviewer disagreed and recommended a denial of mandatory parole with a interim hearing to be conducted in May, 2015. By Notice dated June 7, 2013, the Parole Commission denied Garza mandatory parole, ordered that petitioner serve to the expiration of his sentence, and scheduled a statutory interim hearing for May, 2015. In June 2015, Petitioner's statutory interim hearing was conducted and it again determined that he serve to the expiration of his sentence. Following an administrative appeal, the decision was affirmed on October 8, 2015.

This is the second habeas corpus petition filed by Garza with this Court regarding the denial of his parole applications.

---

[3] Petitioner was convicted of attempted murder in Illinois state court for shooting a law enforcement officer following his escape from USP-Marion.

3

**Discussion**

Respondent argues that Petitioner's due process and ex post facto claims and his contention of being entitled to mandatory parole should be dismissed for abuse of the writ. It is alternatively argued that Garza's arguments are meritless.

**Abuse of the Writ**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Second or successive challenges to the legality of detention including § 2241 petitions which challenge the execution of a federal sentence are barred under the abuse of the writ doctrine. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009); Wise v. Fulcomer, 958 F.2d 30, 33 (3d Cir. 1992); McCleskey v. Zant, 499 U.S. 467, 483 (1991) (a person is precluded from raising a new claim in a

4

subsequent habeas petition that he could have raised in his first habeas petition).

The abuse of the writ doctrine promotes the finality of judgments and warrants dismissal of habeas claims which are the same or nearly identical to ones previously raised and addressed.

This Court previously addressed on its merits a claim by Garza that should have been granted release on mandatory parole in 2013 after completion of two-thirds of his sentence. See Garza v. Holt, Civil No. 3:CV-12-1585, 2013 WL 6731044 (M.D. Pa. Dec. 19, 2013). The pending petition to the extent that it raises that same claim is subject to dismissal under the abuse of the writ doctrine. See Doc. 1, ¶ 13.

In Petitioner's earlier action he also raised an ex post facto claim with respect to the May 15, 2013 mandatory parole review. For the reasons set forth above, the instant action to the extent that it reasserts that same claim is subject to dismissal under the abuse of the writ doctrine.

**Ex Post Facto**

With respect to any ex post facto claim stemming from the June, 2015 adverse determination made in Garza's case by the Parole Commission, the Court of Appeals for the Third Circuit has routinely recognized that a federal court's review of a

5

decision issued by the Parole Commission is limited to an "abuse of discretion" standard. E.g., United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996); Bridge v. United States Parole Comm'n, 981 F.2d 97, 105 (3d Cir. 1992).

Garza generally asserts that the Parole Commission erred when it based its adverse decision on new laws and regulations in violation of the Ex Post Facto Clause. See Doc. 1, p. 7, Ground Two.

A new law or policy violates the Ex Post Facto Clause when it is applied to events which occurred prior to its enactment and disadvantages the offender affected by it. Weaver v. Graham, 450 U.S. 24, 29 (1981). "One function of the Ex Post Facto Clause is to bar enactments, which by retroactive operation increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000); Puifory v. Reilly, 2009 WL 839354 *5 (M.D. Pa. March 30, 2009) (retroactive application of a parole regulation which creates a significant risk of increasing the prisoner's incarceration may violate the ex post facto prohibition); Bonilla v. Vaughn, 1998 WL 480833 *7 (E.D. Pa. 1998) (retroactive application of a change in parole laws if applied rigidly or mechanically can constitute an ex post facto violation).

However, a petitioner must show that the parole policy

6

change was given retrospective effect and that its retrospective application created a real risk of increasing the measure of the prisoner's punishment. See Tyler v. Cain, 2006 WL 2038398 * 1 (M.D. Pa. July 19, 2006); Richardson v. Pa. Parole Board, 423 F.3d 282, 288 (3d Cir. 2005).

Petitioner has not set forth any facts or allegations which could establish that the denial of parole in his case was accomplished in violation of the Ex Post Facto Clause. Garza has not identified any parole policy which was given retroactive application and shown that said application created a significant risk of increasing his punishment. Simply put, there is no basis for a determination that the most recent denial of parole to Garza was the result of reliance on a parole policy which was not in effect on the date he committed his offense. Based upon undisputed information provided by the Respondent, it is noted that the law in effect prior to Petitioner's July, 1973 sentencing did not even provide for mandatory parole.

Moreover, the mandatory parole provision, 18 U.S.C. § 4206(d) clearly provides the Parole Commission deny release to a prisoner who has committed a serious violation of institution rules or where there is a reasonable probability that he inmate will commit a crime if released. Given those considerations

7

there is no basis for a determination that an ex post facto violation occurred in Garza's case.

**Due Process**

Garza's remaining contention is that the Parole Commission's adverse decision constituted a due process violation. Specifically, he contends that it was improper for the Parole Commission to rely on a 1979 institutional incident report relating to his escape from USP-Marion. See Doc. 1, p. 7, Ground Three.

A federal district court needs only to consider whether the record provides a rational basis for the Parole Commission's ruling. Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). It must ensure that the Parole Commission has followed appropriate criteria rational and consistent with its enabling status and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." Id. (citation omitted).

The Parole Commission is not precluded from relying on factors known to the sentencing judge when rendering a decision to deny mandatory parole. See Muhammad v. Mendez, 200 F. Supp.2d 466, 473 (M.D. Pa. 2002). Accordingly, Garza's allegation that the denial of mandatory parole was improper because the Parole Commission continues to use the same reasons

to deny him parole lacks merit.

Second, when the Parole Commission issues any written determinations, it "must reveal <u>reasoning</u> and not simply present conclusions, at least where the reasoning is not apparent from the facts of the case." <u>Marshall v. Lansing</u>, 839 F.2d 933, 943 (3d Cir. 1988) (emphasis in original); <u>see also</u> <u>Greene v. United States Parole Comm'n</u>, 749 F. Supp. 650, 654 (M.D. Pa. 1990). The court in <u>Marshall</u> added that "Congress has required the Commission to furnish a statement of reasons to the prisoner so that he can receive 'an understandable explanation of his parole status.'" <u>Id</u>. at 942 (citations omitted).

An application of the above standards to the undisputed facts of this action clearly provides that there was a rational basis for the Parole Commission's conclusion that Petitioner was not entitled to mandatory parole. It is equally apparent the Parole Commission did not abuse its discretion by considering Garza's underlying violent crime during which he shot and killed a bank official during an armed robbery and his escape from a high security federal correctional facility which included the attempted murder of a police officer in rendering its decision.

The 2015 determinations issued by the Parole Commission clearly explained the reasons behind its conclusion that Garza was not eligible for mandatory parole. Since there was no

9

discernible violation of Petitioner's due process rights, the petition for habeas corpus will be denied.  An appropriate order will enter.

                                S/Richard P. Conaboy
                                RICHARD P. CONABOY
                                United States District Judge

DATED;  MAY 17, 2018